UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4775

MARK T. MORIARTY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-143-MU)

Submitted: May 27, 1997

Decided: June 17, 1997

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel J. Clifton, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark T. Moriarty pled guilty to conspiracy to commit offenses against the United States, 18 U.S.C. § 371 (1994), specifically, violations of 18 U.S.C. § 1028(a)(2) (West Supp. 1997) (Fraud in Connection with Identification Documents). He appeals his 18-month sentence, contending that the district court erred in determining that he was accountable for the full amount of the loss under USSG §§ 1B1.3, 1F1.1.* We affirm.

Between October 1993 and April 1994, Melanie Wolny headed a scheme to obtain merchandise using fraudulent "instant credit" accounts which she established at local businesses. She used patient identification information she had obtained while working at a hospital. Wolny purchased items such as television sets, camcorders, and computer systems, and sold them to acquaintances for half the retail price. The merchandise was picked up at the store and delivered to her customers by several people, including Mark Moriarty.

In calculating Moriarty's offense level, the probation officer added a 5-level enhancement under USSG § 2F1.1(b)(1)(F) to account for the full amount of loss, which was $62,623.76, because the government agent had informed her that all the participants had full knowledge of the extent of the others' involvement. Moriarty objected that he was not accountable for the full amount of loss because his involvement was minimal and he had received little compensation.

At sentencing, Moriarty shifted ground slightly, testifying that when he began buying items from Wolny and delivering items for her, he did not realize she was engaged in anything illegal. He said that after about six months he and the others involved realized that Wolny was committing some kind of fraud, but that they continued assisting her because they believed they would not be in much trouble even if they were caught. His testimony was contradicted by statements he had previously given to the case agent, in which he admitted

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

that he acted as a fence for the conspiracy from October 1993 to March 1994. However, the government did not introduce these statements at sentencing or have the case agent testify about them.

Moriarty argued that he should not be held accountable for illegal activity which occurred before he realized that he was involved in anything illegal. However, the district court decided that, "at a point earlier than [Moriarty] now maintains . . . he was aware of the extent and nature of the conspiracy and that he has likewise ratified the prior acts and is chargeable with them." The court accordingly found him responsible for the entire amount of loss and made the recommended 5-level enhancement.

The commentary to guideline section 1B1.3 provides:

> In order to determine the defendant's accountability for the conduct of others under subsection 1B1.3(a)(1)(B), the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by the defendant's agreement). The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision.
>
> . . . .
>
> A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is not included as relevant conduct in determining the defendant's offense level). The Commission does not foreclose the possibility that there may be some unusual set of circumstances in which the exclusion of prior conduct does not adequately reflect the defendant's culpability; in such a case, an upward departure may be warranted.

3

USSG § 1B1.3, comment. (n.2).

This paragraph was added to the guideline by amendment 503, effective November 1, 1994, to clarify the defendant's accountability for conduct of co-conspirators prior to his joining the conspiracy. The amendment specifically approves the rule followed in the cases which Moriarty relies on in his appeal brief. See United States v. Carreon, 11 F.3d 1225, 1235 (5th Cir. 1994); United States v. Petty, 982 F.2d 1374, 1377 (9th Cir. 1993); United States v. O'Campo, 973 F.2d 1015, 1026 (1st Cir. 1992) (prior conduct cannot be relevant conduct); see also United States v. James, 998 F.2d 74, 83 (2d Cir. 1993) (prior conduct cannot be reasonably foreseeable). Also approved in the amendment were two decisions which take a slightly different view. In United States v. Edwards, 945 F.2d 1387, 1393 (7th Cir. 1991), the Seventh Circuit held that a latecomer to a conspiracy may be account-able for past conduct of co-conspirators if that conduct is reasonably foreseeable to him in the sense that it is somehow within the scope of his agreement. The Seventh Circuit recognized that reasonable foreseeability is "a forward-looking concept," but held that it might encompass past conduct where a latecoming conspirator was linked in some way to the earlier transactions. See id. at 1393-94, 1396. In United States v. Miranda-Ortiz, 926 F.2d 172, 178 (2d Cir. 1991), the Second Circuit held that prior conduct of co-conspirators may be rele-vant conduct if it was known to the defendant when he joined the con-spiracy or was reasonably foreseeable to him.

In this case, Moriarty acknowledged that he was active in the con-spiracy from the beginning, and the district court rejected Moriarty's assertion that he did not realize he was participating in criminal activ-ity until very near the end of the conspiracy. The court found that, at whatever point he did become a knowing participant, Moriarty then adopted, as part of his agreement, all that had gone before. Even assuming the truth of Moriarty's claim that he did not at first realize what was going on, we find that he was properly held accountable for the acts of Wolny and the others with whom he actively cooperated throughout the life of the conspiracy. Therefore, the district court did not misapply the guideline in finding that Moriarty's agreement encompassed all the illegal conduct which had already occurred. Because the district court correctly determined that Moriarty's rele-vant conduct included the conduct of his co-conspirators, the court

4

did not clearly err in finding that he was accountable for the full amount of the loss and enhancing his offense level accordingly.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5